716 S.E.2d 918

**In the Matter of John W. HARTE, Jr., Respondent.**

No. 27051.

Supreme Court of South Carolina.

Submitted Sept. 13, 2011.

Filed Oct. 10, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

John P. Freeman, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of any sanction set forth in Rule 7(b), RLDE, Rule 413, SCACR. Respondent requests that, if a suspension is imposed, that it be made retroactive to the date of his interim suspension, September 22, 2009. *In the Matter of Harte*, 385 S.C. 229, 683 S.E.2d 799 (2009). ODC joins in this request. We accept the agreement and disbar respondent from the practice of law in this state, retroactive to the date of his interim suspension. The facts, as set forth in the agreement, are as follows.

## FACTS

In or about February 2007, William J. Trier, Jr., hired respondent to represent him in a criminal matter. At some point thereafter, respondent became aware that Mr. Trier was seeking assistance in protecting the proceeds of his criminal activities. Respondent assisted Mr. Trier in obtaining advice and representation concerning the disposition of the proceeds

of Mr. Trier's criminal activities. In consultation with others, respondent knowingly conspired with Mr. Trier to take actions that were intended to hide, conceal, and protect the proceeds and assets that resulted from Mr. Trier's criminal activities.

Respondent was charged with Conspiracy to Commit Mail Fraud and Money Laundering in violation of 18 U.S.C. § 371. On September 16, 2009, respondent pled guilty to Conspiracy to Commit Mail Fraud and Money Laundering. On October 13, 2010, respondent was committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of twelve (12) months and one (1) day. In addition, he was deemed to be jointly and severally liable for restitution in the amount of $483,350.00.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2 (lawyer shall not assist a client in conduct that lawyer knows is criminal or fraudulent), Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects), Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation), and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Further, respondent admits his misconduct is grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct), Rule 7(a)(4) (it shall be ground for discipline for lawyer to be convicted of a crime of moral turpitude or a serious crime), and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

146

*CONCLUSION*

We accept the Agreement for Discipline by Consent and disbar respondent, retroactive to September 22, 2009, the date of his interim suspension. *Id.* Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.